108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ferrell SECAKUKU, Chairman of the Hopi Tribal Council of the
Hopi Indian Tribe, For and on Behalf of the HOPI
INDIAN TRIBE, Plaintiff-Appellant,
v.
Albert HALE, President of the Navajo Nation, For an on
Behalf of the NAVAJO NATION, Defendant-Appellee.
 No. 96-16301.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1997.*
Decided March 13, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On May 6, 1996, the Hopi Tribe filed a request for a temporary restraining order enjoining the Navajo Nation from interfering with Hopi religious eagle gathering on the Navajo reservation. The Hopi Tribe argues that it had an unencumbered right to "take" eagles from the Navajo reservation based upon a permit issued by the United States Fish and Wildlife Service ("USFWS"). Following evidentiary hearings on the Hopi Tribe's application for a preliminary injunction, the district court entered a preliminary injunction enjoining the Hopi Tribe from gathering more than 12 eagles from the Navajo reservation during 1996. The Hopi Tribe appeals the issuance of the preliminary injunction on the ground that the district court lacked authority to limit the eagle gathering authorized by the Hopi Tribe's USFWS permit. We dismiss the appeal as moot.
 
 I.
 
 3
 The Hopi Tribe's appeal is moot because the 1996 eagle gathering season and the preliminary injunction have expired. By its terms, the district court's preliminary injunction applied only to the 1996 eagle gathering season. The expiration of the eagle gathering season extinguished any controversy that may have existed, rendering this appeal moot. See Sohappy v. Smith, 529 F.2d 570, 572 (9th Cir.1976).
 
 II.
 
 4
 Under certain circumstances, we will hear an appeal that is otherwise moot if it is "capable of repetition, yet evading review." A case will fall within the "capable of repetition, yet evading review" exception to the mootness doctrine if:
 
 
 5
 (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and
 
 
 6
 (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.
 
 
 7
 Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). Although the eagle gathering season is, by its nature, too short to allow for full litigation of the claims presented before its expiration, there is no reasonable expectation that the Hopi Tribe will be subjected to the same action in the future. For the reasons described below, the issues presented by the 1996 eagle gathering season will not recur in the same form in subsequent seasons. Moreover, in light of this litigation, we doubt that the USFWS will issue another permit without considering Navajo as well as Hopi interests.
 
 
 8
 Indian tribes enjoy sovereignty on their reservations. "In the absence of treaty provisions or congressional pronouncements to the contrary, the tribe has the inherent power to exclude nonmembers from the reservation." Quechan Tribe of Indians v. Rowe, 531 F.2d 408, 410 (9th Cir.1976), citing Williams v. Lee, 358 U.S. 217, 219 (1959), and Worcester v. Georgia, 31 U.S. (6 Pet.) 515, 561 (1832).[1] The Navajo reservation at issue in this case was established in 1934. Act of June 14, 1934, 48 Stat. 960 (the "1934 Act"). The reservation was intended not only for the Navajo people, but also for "such other Indians as may already be located thereon." In 1974, Congress passed section 640d-7(a) "enabling the Navajo and Hopi tribes to sue each other as a means of settling their continuing dispute over which tribe was entitled to which lands in the 1934 reservation." Masayesva v. Zah, 65 F.3d 1445, 1450 (9th Cir.1995). In Masayesva, the Hopi Tribe sued the Navajo Nation arguing that it was "located" on lands within the boundary of the Navajo reservation in 1934 and therefore entitled to a property right in those lands. Id.
 
 
 9
 On December 5, 1995, this court remanded Masayesva to the district court to "award identifiable locations regularly and exclusively used for religious observances or activities by the Hopis.... The district court must determine whether the eagle feather gathering and other religious hunting and gathering areas are sufficiently identifiable and subject to demarcation of boundaries so that the Hopis were 'located' there in 1934." Id. at 1455. The district court has yet to make that determination on remand. Resolution of Masayesva on remand will determine the relative property rights of the two parties in this controversy, altering, or possibly resolving, the controversy currently before this court. Therefore, the controversy is moot and does not fall within the capable of repetition, yet evading review exception.
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The USFWS permits issued to the Hopi Tribe specifically indicate that they do not alter existing property rights